UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,
    Plaintiff,

  v.              Case No. 04-CR-34

ARTHUR L. SCHUH,
THOMAS A. SCHUH,
SHOKE A CLEVELAND, and
EDWARD J. FITZGERALD,
    Defendants.

**ORDER ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE**

The above named defendants are charged in an indictment with Conspiring to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. Defendant Arthur L. Schuh is also charged with Possession of a Firearm in Furtherance of a Drug Crime in violation of 18 U.S.C. § 924(c), and Possession With Intent to Distribute a Mixture Containing Cocaine contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(C). Following their arraignment and entry of pleas of not guilty to the charges against them, Arthur Schuh filed a "Motion to Suppress Wiretap Evidence on the Basis of the Monitoring Agents [Failure] to Minimize Communications Not Otherwise Subject to Interception"; a "Motion to Suppress Fruits of June 6, 2003 Search"; a "Motion for Pretrial Notice of Government's Intent to Use Evidence of Other Crimes"; a "Motion to Require Notice of Intention to Use Specific Instances of Conduct Evidence"; and a "Motion to Sever Defendants for Trial." Arthur also filed a "Notice of Request for Proffer on Admissibility of Co-Conspirator's Statements," which states that "No Action is Requested at This Time." Thomas

Schuh, Arthur's brother, also filed a Motion to Suppress Wiretap Evidence and a Motion to Sever. In addition, Thomas filed a Motion to Reveal Informant's Identity.

As is the practice in this district, the motions were referred to the assigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). On December 20, 2005, Magistrate Judge William E. Callahan issued his recommendation that Arthur and Thomas Schuh's motions to suppress wiretap evidence [46] and [49] be denied; that defendant Arthur Schuh's motion to suppress fruits of the June 6, 2003 search [52] be denied; that defendant Arthur Schuh's motion for pretrial notice of the government's intent to use evidence of other crimes [42] be denied as moot; that defendant Arthur Schuh's motion to require notice of intention to use specific instances of conduct evidence [43] be denied; that defendants Arthur Schuh's and Thomas Schuh's motions for severance [45] and [48] respectively be denied in part as moot and denied in part, without prejudice, on the merits; that defendant Thomas Schuh's motion to reveal informants' identities [47] be granted in part and denied in part as moot; and that defendant Arthur Schuh's request for proffer on admissibility of co-conspirator's statements be deferred entirely to this court for resolution.

No objection to Magistrate Judge Callahan's recommendation was filed by Thomas Schuh, and finding no clear error or other reason to question the recommendation, I hereby adopt it as my order with respect to Thomas's motions. Arthur, on the other hand, has filed an objection, claiming that he "is entitled to have the fruits of the June 6, 2003 search of his home and premises suppressed on the grounds that the basis for the anticipatory no-knock warrant were fatally vague and defective." (Doc. 62.) Arthur also claims he is entitled to severance from his co-defendants on the ground that the government will seek to use statements of his co-defendants against him without affording him an opportunity to cross-examine them.

I agree with Magistrate Judge Callahan's conclusion that the information set forth in the affidavit filed in support of the application for an anticipatory search warrant of Arthur's property was sufficient to establish probable cause for the issuance of the warrant. The affidavit presented independent evidence that gave rise to probable cause to believe that cocaine and evidence of cocaine trafficking would be located at the premises at the time of the search. The evidence established that the cocaine was on a sure course to the location to be searched, and the conditions governing execution of the warrant were explicit, clear and narrowly drawn. The warrant therefore met the requirements for anticipatory warrants set out in *United States v. Brack*, 188 F.3d 748, 757 (7th Cir. 1999), and Arthur's motion to suppress the evidence obtained in executing the warrant should be denied.

I also agree with Judge Callahan's recommendation to deny Arthur's motion to sever his trial from that of his co-defendants. The government insists it is not seeking to offer any out-of-court statements by any of the co-defendants that would not otherwise be admissible against Arthur directly. At least one of the co-defendants is expected to testify against Arthur, and will therefore be available for cross-examination. Any other co-defendant statements the government intends to offer it claims are admissible under the co-conspirator exception to the hearsay rule and under *United States v. Inadi*, 475 U.S. 387 (1986), do not implicate the Confrontation Clause of the Sixth Amendment. Thus, it appears there is no problem under *Bruton v. United States*, 391 U.S. 123 (1968). If a confrontation problem surfaces, Arthur may renew his motion to sever, but nothing in the record as it now stands justifies severing the trial of defendants all charged with participation in the same conspiracy.

Finally, since Arthur does not object to the Judge Callahan's recommendation as to his remaining motions and I find his recommendation reasonable and without clear error, I will adopt his recommendation as to those motions as well. Accordingly, the objections are overruled and the recommendation of Magistrate Judge Callahan is adopted in full.

**SO ORDERED** this   16th   day of January, 2006.

                                        s/ William C. Griesbach
                                        William C. Griesbach
                                        United States District Judge