UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                            Case No. 04-CR-34

THOMAS A. SCHUH,

    Defendant.

**ORDER ON MOTION FOR RECONSIDERATION**

       On March 27, 2006, defendant Thomas A. Schuh entered a plea of guilty to a charge of conspiracy to distribute cocaine in violation of 21 U.S.C. § 841. The offense is alleged to have involved more than 5 kilograms of cocaine, thus invoking the ten year mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(A). The parties anticipate, however, that Schuh qualifies for the safety valve provision under 18 U.S.C. § 3553(f), which would render the mandatory minimum inapplicable should Schuh truthfully provide to the government "all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan" by the time of sentencing. 18 U.S.C. § 3553(f)(5). Schuh has yet to make such a disclosure.

       In anticipation of the plea, Schuh filed a motion for a bond review requesting that he be released while awaiting sentencing pursuant to 18 U.S.C. § 3142. In support of his motion, Schuh estimated his sentencing range at between 18 and 24 months imprisonment, should the safety valve provision apply. If in addition Schuh's role in the offense is found to be minor or minimal, as he intends to argue, the range, in Schuh's view, would be 12 to 18 months imprisonment. Schuh was

arrested on June 2, 2005, and has remained in custody since that time. Given the relatively low sentencing range Schuh anticipates, the absence of a previous criminal record, and his desire to enter into drug treatment, Schuh sought release prior to sentencing.

The court addressed Schuh's motion following his change of plea on March 27, 2006. At that time, the court denied the motion upon its acceptance of the government's argument that the court had no discretion to release the defendant under 18 U.S.C. § 3143(a)(2). By its terms, that statute mandates detention of a person convicted of a drug offense with a statutory maximum of more than ten years imprisonment unless (1) the judicial officer finds that there is a substantial likelihood that a motion for acquittal or new trial would be granted; *or* (2) an attorney for the government has recommended that no sentence of imprisonment be imposed on the person; *and* (3) the judicial officer finds by clear and convincing evidence that the person is not likely to flea or pose a danger to any other person or the community. The government argued that since neither condition (1) nor (2) was met in this case, the court could not release Schuh even if it found by clear and convincing evidence that Schuh was unlikely to flea or pose a danger to the community.

Schuh now seeks reconsideration claiming that the government's interpretation of the law, adopted by the court, is in error. Relying on Judge Adelman's analysis in *United States v. Kaquatosh,* 252 F. Supp.2d 775 (E.D. Wis. 2003), Schuh argues that notwithstanding § 3143(a)(2), 18 U.S.C. § 3145(c) allows his release if he shows by clear and convincing evidence that he is not likely to flea or pose a danger to the safety of any other person or the community if released and if, in addition "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Since my previous decision was based upon an incorrect understanding of the law, and since further he is able to show by clear and convincing evidence that

he is not likely to flea or pose a danger and that there are exceptional reasons why his detention would not be appropriate, Schuh asks me to reconsider his motion.

In response, the government disputes Schuh's analysis of the law, but concedes that Judge Adelman in *Kaquatosh*, as well as the Seventh Circuit in *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992), support it. In the government's view, authority to release a defendant under 18 U.S.C. § 3145(c) is limited to appellate courts and applies to the question of a release pending an appeal. *See United States v. Chen*, 257 F. Supp.2d 656, 657-58 (S.D.N.Y. 2003). This case has not concluded and there has been no appeal. Recognizing that the great weight of authority is to the contrary, however, the government argues that even if I were to apply § 3145(c), Schuh cannot make the showing required for release under the facts of this case.

While the government's interpretation of §§ 3143 and 3145(c) as set forth in the cases it cites, particularly *Chen*, seems more consistent with the structure and language of the statutes, I agree that the great weight of authority, including the law in this circuit, is to the contrary. Accordingly, I will reconsider my previous ruling. Upon such reconsideration, however, I remain convinced that the motion should be denied.

Schuh's principal argument is that notwithstanding the fact he has been convicted of an offense carrying a ten year mandatory minimum, he will likely be eligible for the safety valve provision of 18 U.S.C. § 3553(f). While the government does not dispute that the availability of safety valve is a distinct possibility, the plain fact is that Schuh has not yet qualified for it. Thus, to the extent his argument is based upon the likelihood that his sentence will be substantially less than the ten year mandatory minimum, it is premature. Since Schuh's own brother is a co-defendant, there may be stronger reasons than in many cases that Schuh might fail to provide a complete and truthful debriefing to the government. It is also significant that he and his brother left

3

the country and lived in Belize following the execution of the search warrant which was the climax of the government's investigation. Hopefully, for his own benefit, Schuh will take advantage of the opportunity provided under § 3553(f). But he has not done so yet, and thus his motion is premature.

I also note that the government disputes Schuh's calculation of the sentencing range that would apply even if he successfully invokes the safety valve. In the government's view, Schuh's range of imprisonment, even assuming application of the safety valve and reduction for a minor or minimal role would be 18 to 24 months. This exceeds the time Schuh will have been in custody by the time of his sentencing.

Finally, Schuh has failed to set forth any "exceptional reasons" why his detention would not be appropriate. His desire to begin drug treatment is not such an exceptional reason. As the government notes, remaining in custody insures that Schuh will remain sober so that when treatment does become available he will be in a position to benefit from it. Schuh cites no health problems or overwhelming family responsibilities that take his case outside the norm. For this reason also, his motion is denied.

In sum, I conclude that even if I have the authority under § 3145(c) to order Schuh's release, the requirements of that section for release are not met. Accordingly, while Schuh's motion for reconsideration (docket # 86) is granted, the result remains the same. His motion for release pending sentencing (docket # 79) is denied.

**SO ORDERED**.

Dated this   31st   day of March, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge